UNITED STATES DISTRICT COURT

DISTRICT OF WISCONSIN

WESSTERN DISTRICT

RANDY RINDAHL )
    PLAINTIFF )
)
)
VS. )
)
DAUGAARD, GOVENOR STATE OF SOUTH DAKOTA )
TIM REISCH, SEC. OF CORRECTIONS )
    SOUTH DAKOTA DAKOTA STATE PENITENTIARY )
D. WEBER, WARDEN (SDSP) )    CIV.11-
D. SLYKHUS, DEPUTY WARDEN )
D. YOUNG, ASST. WARDEN (JAMESON ANNEX PRISON) )
O. SPURRELL ASSC. WARDEN )    11 C 0121-SLC
R. PONTO, ASSC. WARDEN )
DR. REGIER SDSP HEALTH SERVICE )
FANTROY SECTION MANAGER )
DITTMONSON SECTION MANAGER )
LINIWEBER SECUIRTY MAJOR )
CORRECTIONAL PERSONNEL LARSON )
ROSHIEM SGT. )
KAYLA S. COORDINATOR )
WOODWORD SECTION MANAGER )
JOHNSON SGT. (FEMALE FIRED) )
J. SUPURRELL HEALTH CARE MANAGER )
MULLIN, CORP. )

I. BENCH DEMAND TRIAL  -  COMPLAINT FOR MONEY DAMAGES

AN INJUNCTION

1.....THIS IS A CIVIL ACTION AUTHORZIED BY 42 U.S.C. SEOTION 1983; 42 U.S.C. SECTION 1981 42 U.S.C. 1985; 42 U.S.C. 1997(D) TO REDRESS THE DEPRIVATION OF PRISON OFFICIALS UNDER THE COLOR OF STATE LAW SHOWING DELIBERATE INDIFFERNCE TO PLAINTIFFS HEALTH AN SAFETY WHEN CONGNIZED PLAINTIFF AS SEX OFFENER AND LISTED HIS CLASSIFICATION FOR DNA TESTING FOR THE SEX OFFENDER TRACKING SYSTEM, AS WELL AS A RETALAITORY ACTS RELATED TO FALSE CLASSIFICATION WERE THE SLIMMING OF HUMAN WASTE CONTAINING HIV. CONTINUED ACTS OF RETALIATION RELATED TO PRIOR FILING OF LAWSUITS AND GRIEVANCES VIOLATING PLAINTIFFS 1st, 5th, 8th AN 14th CONSTITUTIONAL RIGHTS ASSURED BY THE CONSTITUTION OF THE UNITED STATES ALLEGING STATE LAW CLAIMS SDCL 22-18-31 SLIMMING SDCL 15-2-14.1 MEDICAL MALPRACTICE

II. JURISDICTION

2....THE COURT HAS JURISDICTION UNDER 28 U.S.C. SECTION 1331, 1334 AN 1367

III. INJUCTIVE RELIF

3....PLAITIFF SEEKS INJUNCTIVE RELIEF 28 U.S.C 2284(2) RULE 65 FED. R. CIV. P.

## IV. VENUE

4....THE DISTRICT COURT OF WISCONSIN IS THE APPROPRATE VENUE UNDER 28 U.S.C. SECTION 130 DUE TO THE COURT OF INTERNATIONAL TRADE INVESTIGATION INTO THE WESTERN ANSOUTHERN DIVISIONS, DISTRICT OF SOUTH DAKOTA RELATES TO SUMMER WAKEFIELD CLERK FOR JUDGE SIMKO, AS WELL AS T. WILKA CLERK FOR SENIOR DISTRICT JUDGE BATTEY. SAID JUDICAL MISCONDUCT HEARING RELATE TO POSSIBLE CORRUPTION BETWEEN THE SOUTH DAKOTA DISTRICT COURT AND PENITENIAIRY. (NOTICE CHANGE OF VENUE)

## V. NO LEGAL ADVISE

5....PLAINTIFF REGUEST THE COURT ROOM FOR ERR DUE TO NO ON CITE LEGAL ADVISE FOR PRO-SE FILINGS. CRUZ V. BETO, 405 U.S. 319, 322 (1972) THE COURT STATED: PRISONERS COMPLAINT SHOULD NOT BE DISMISS DIMISSED FOR FAILURE TO STATE A CLAIM UNLESS IT APPEARS BEYOUNG DOUBT THAT THE PLAINYIFF CAN PROVE NO SET OF FACTS IN SUPPORT OF HIS CLAIM WHICH ENTITLE HIM TO RELIEF. CONLEY V. GIBSON, 355 U.S. 41 45-46 (1957)

## VI. PLAINTIFF

6....PLAINTIFF RANDY RINDAHL (PRISONER) IS AND WAS AT ALL TIMES MENTIONED HEREIN PRISONER OF THE STATE OF SOUTH DAKOTA IN THE CUSTODY OF THE SOUTH DAKOTA DEPARTMENT OF CORRECTIONS. HE IS CURRENTLY CONFINED IN THE SOUTH DAKOTA STATE PENITENTIARY IN SIOUX FALLS, SOUTH DAKOTA.

## VII. DEFENDANTS

7....DAUGAARD, GOVENOR STATE OF SOUTH DAKOTA, HIS DUTIES ARE THE PINDLY POLICY MAKER FOR THE STATE OF SOUTH DAKOTA AND THE STATE PENITENTIARY.

8....TIM REISCH, SEC. OF CORRECTIONS FOR THE STATE OF SOUTH DAKOTA PRISON SYSTEM. HIS DUTIES ARE THE PERSONNEL WORKING BELOW HIM AN APART OF THE POLICY MAKING FOR THE PENITENIARY.

9....D. WEBER, WARDEN OF SDSP. HE IS THE LEGAL RESPONSIBLE FOR THE OPERATIONS AND WELFARE OF ALL THE INMATES CONFINED WITHIN THE SIOUX FALLS PRISON SYSTEM.

10....D. SLYKHUS, DEPUTY WARDEN, HIS DUTIES ARE TO MAINTENCE OF SDSP AN JAMESON ANNEX PRISON

11....O. SPURRELL, ASSC. WARDEN FOR SIOUX FALLS, HIS DUTIES ARE PUBLIC RELATIONS

12....PONTO, ASSC. WARDEN FOR SIOUX FALLS PRISON SYSTEM, HIS DUTIES ARE THE OPERATIONS AN PROGRAMS FOR SIAD SYSTEM.

13....DR. RIGIER, HIS DUTIES ARE THE HEALTH CARE OF THE SIOUX FALLS PRISON SYSTEM.

14....FANTROY SECTION MANAGER FOR THE SIOUX FALLS PRISON SYSTEM, HIS DUTIES ARE THE SUPERVISION OF PERSONNEL AND INMATES WITHIN HIS SECTION.

15....DITTMONSON SECTION MANAGER FOR THE SIOUX FALLS PRSION SYSTEM, HIS DUTIES ARE THE SUPERVISION OF THE PERSONNEL AND INMATES WITHIN THIS SECTION.

16....LINNIWEBER, SECURTY MANAGER FOR THE SIOUX FALLS PRISON SYSTEM INVESTIGATING THE CRIMINAL ACTS OF OFFENDERS AND CORRECTIONAL PERSONNEL.

17....CORRECTIONAL PERSONNEL LARSON, SHE WORKS FOR THE SIOUX FALLS PRISON SYSTEM.

18....ROSHIEM SGT. HIS DUTIES ARE THE JAMESON ANNEX PRISON "ID" OFFICE AND THE DNA TESTING OF THE SIOUX FALLS PRISON SYSTEM.

19....KAYLA S. COORDINATOR FOR THE SIOUX FALLS PRISON SYSTEM. HER DUTIES ARE THE INVESTIGATION OF PRISON POLICY 13E2 GRIEVANCE PROCEDURE. HER RESPONSES COME THRU THE SECTION MANAGERS OFFICE.

20....WOODWORD SECTION MANAGER FOR THE SIOUX FALLS PRISON STSYEM. HIS DUTIES ARE THE SUPERVISION OF THE PERSONNEL AND THE INMATES WITHIN HIS SECTION.

21...MULLIN, CORP. FOR THE SIOUX FALLS PRISON SYSTEM.

22....JOHNSON SGT. FIRERED/REPLACED FEMALE.

23....J. SURRELL HEALTH CARE MANAGER FOR THE SIOUX FALLS PRISON SYSTEM. HER DUTIES ARE THE OVERALL SUPERVISION OF THE PERSONNEL WITHIN HEALTH SERVICE AND THE INVESTIGATION OF POLICY 13E2

## VIII FACTS

24. WHILE HOUSED WITHIN ADMINISTRATION SEGREGATION SECTION (4)(3) JAMESON ANNEX PRISON, PLAINTIFF RINDAHL, RANDY #24928 HAD BEEN APPROACHED BY DEFENDANT SGT. ROSHIEM WHILE HOUSE WITHIN CELL 64 AND WAS TOLD TO TAKE DNA TEST.

25. DEFENDANT SGT. ROSHIEM STATED:"<u>DON'T TELL ME YOUR IN FOR MANSAULHTER?</u>" PLAINTIFF HAD EXPLAINED TO DEFENDANT SGT. ROSHIEM THAT I WAS IN FOR 1st DEGREE MANLSAUGHTER AND AGGARVATED ASSUALT SENTENCE OUT OF PENNINGTON COUNTY.

26. DEFENDANT ROSHIEM HAD LEFT SECTION (4) AFTER EXPLAINING THE ORDER HAD COME FROM DEFENDANT WEBERS OFFICE FOR THE ILLEGAL DNA TESTING WHICH SGT. ROSHIEM HAD REFUSED TO TAKE. (DECLARATION 1 AN 2).

27. PLAINTIFF RINDAHL LIVED WITHIN A SECTION OF THE PRISON KNOWN AS ADMINISTRATION SEGREGATION KNOWN FOR VIOLENCE AGAINST INMATES LOCKED DOWN FOR SEX OFFENCE CRIMES. MAKING THEM THE TARGET FOR HATE CRIMES AT THE ACTIONS OF CORRECTIONAL PERSONNEL AN INMATES.

28. WEEK OR SON LATER PLAINTIFF WAS PLACED WITHIN A-FLOOR HOLDING CELL AFTER BEING SPRAYED WITH CHEMICAL AGENT AT THE ACTIONS OF DEFENDANT FANTROY AND WAS MEANT AT THE HOLDING CELL

CELL BY DEFENDANTS ROSHIEM AND LINNIWEBER WHO REGUESTED THE DNA TESTING AND THUMB PRINT. PLAINTIFF HAD ONCE AGAIN EXPLAINED HE WAS SENTENCED TO 75 YEARS FOR 1st DEGREE MANSLAUGHTERAN 15 YEARS AGGRAVATED ASSAULT IN 1989. (EXHIBIT SDCL 23-5A-4:SENTENCE)

29. DEFENDANTS ROSHIEM AN LINNIWEBER HAD EXPLAINED THAT THEY COULD PROSECUTED FOR CLASS 5 FELODY FOR REFUSING THE TEST. (EXHIBIT DNA)

30. PLAINTIFF EXPLAINTED PRISONER SENTENCED FOR THESE CRIMES ARE NOT REQUIRED TO TAKE DNA TEST MEANT FOR SEXAUL TRAKING SYSTEM.

31. PLAINTIFF REGUESTED THEM TO TELL ME WHO ORDERED THE TESTING, DEFENDANT LINNIWEBE RESPONDED DEPUTY WARDEN AN WARDENS OFFICE HAD ORDERED THE TESTING. VIOLATING THIER OWN POLICY. AN SDCL.

32. PLAINTIFF RINDAHL HAD FILED PRISON POLICY 13E2 GRIEVANCE ON THE ILLEGAL TAKING OF DNA, AND THE FALSE CLASSIFCATION OF PRISONERS CONVICTION AT THE HANDS OF DEFENDANTS DAUGAARD, REISCH, WEBER, SLYKHUS AND THE INVESTIGATION OFFICES AS WELL AS ROSHIEM AND FANTROY.

33. STATED WITHIN INMATE LIVING GUIDE(IF YOU WERE ADMITTED TO THE D.O.C. OR ARE IN THE CUSTODY/SUPERVISION OF THE D.O.C. ON OR AFTER JULY 1st, 2003 YOU MUST PROVIDE A DNA SAMPLE IF YOU HAVE NOT PREVIOUSLY DONE SO. (EXHIBIT SENTENCE) YOU WILL NOT BE RELEASED IN ANY MANNER UNTIL YOU HAVE PROVIDED THE REQUIRED DNA SAMPLE IS A CLASS 5 FELDOY (EXHIBIT DNA)

34. PLAINTIFF WAS MADE TO PROVIDE SAMPLE OF DNA AND TBUMB AT THE TIME. AND THEN TAKING TO DISCIPLAINRY HOUSING.

35. DEFENDANT FANTROY HAD RESPONDED THRU DEFENDANT KAYLA S. OFFICE THE TEST WAS REQUIRED SOUTH DAKOTA CODIFED LAW (SDCL) SAID RESPONSE WAS ANSWERED THRU PRISON POLICY 13E2 GRIEVANCE STEP (1). INWHICH DEFENDANT FANTROY HAD FALSLY LISTED PLAINTIFFS CRIMINAL CONVICTIONS WHEN ATTEMPTING TO ENDANGER PLAINTIFFS LIFE .

36. PLAINTIFF HAD FILED PRISON POLICY 13E2 STEP (2) TO THE DEFENDANT WEBERS OFFICE AFTER BEING TRANSFERED BACK TO ADMINISTRATION SEGREGATION IN WHICH PLAINTIFF HAD UNDERGONE RETALAITORY ACTS AT THE HANDS OF CORRECTIONAL PERSONNEL AND THE INMATES WHO WORKED FOR THEM.

37. PLAINTIFF HAD MADE THE ATTEMPT TO CONTACT DEFENDANT YOUNGS OFFICE THE ASST. WARDEN OF THE SOUIX FALLS, PRISON SYSTEM AND OPERATES THE JAMESON ANNEX PRISON ON THE ACTIONS OF HIS PERSONNEL. DEFENDANT YOUNG HAD REFUSED TO PLAINTIFFS REGUEST. PLAINTIFF HAD REGUESTED DEFENDANT YOUNGS OFFICE THRU POLICY M-8, AS WELL AS DEFENDANT SLYKHUS.

WHILE HOUSED IN ADMINISTRATION SEGREGATION PLAINTIFF HAD HEARD CORRECTIONAL PERSONNEL MAKING STATMENTS TO THE CELL NEXT DOOR TO ME CALLING THE INMATE: "YOUR A FUCKING CHO-MO" WHEN ASKED BY ME: "WHO YOU TALKING TO:" THE CORRECTIONAL PERSONNEL RESPONDED TO ME:"YOU".

38. SEVERAL DAYS LATER PLAINTIFF HAD HUMAN FLIUDS TOSSED ON HIM INTHE FACE AND OTHER FLESH AREAS WITHIN THE MY LIVING AREA OF MY CELL, SOME OF THE HUMAN FLIUDS HAD BEEN KNOWN TO CONTAIN "HIV". (DECLARATION VERIFICATION)

39. DEFENDANT MULLIN WHO WORKS A-FLOOR AS CORP. HAD ORDERED SEVERAL INMATES WHO HAVE BEEN KNOWN TO HAVE BEEN TESTED WITH THE HIV HAD BEEN ENLISTED TO TOSS THERE HUMAN FLIUDS ONTO ME AND IN MY LIVING AREA. (EXHIBIT HIV)

40. DEFENDANTS DR. RIGIER AND HEALTH CARE MANAGER J. SPURRELL HAD BEEN BEEN MADE AWARE OF THE HIV PISS BOMBING OF PLAINTIFF RINDAHL WHEN ONE OF THE INMATES HAD BRAGGED TO DEFENDANT SGT. JOHNSON AND UNKNOWN FEMALE HEALTH SERVICE AND FAILED TO TAKE ANY ACTION ON THE MATTER. FAILING TO FOLLOW HEALTH SERVICE RULES AND DEPT. HEALTH GUIDELINES.

41. DEFENDANT WEBER HAD RESPOND TO PLAINTIFFS STEP (2) GRIEVANCE WITH THE SAME RESPONSE AS DEFENDANT FANTROY WHEN ASSIGNING HIM TO INVESTIGATE HIMSELF. DEFENDANT WEBERS ACTIONS WERE TO RESPOND TO ILLEGAL CLASSIFY PLAINTIFFS CRIME INORDER TO ENDANGER HIM WHILE IN ADMINISTRATION SEGREGATION. DEFENDANT WEBERS ACTION WERE TO FALSLY CLASSIFCATE RINDAHL FOR SEXAUL OFFENSE

42. DEFENDANT DITTMONSON HAD MORE THAN ONCE CONTINUED TO VIOLATE PLAINTIFFS RIGHTS BEFORE AND AFTER THE TAKING OF THE ILLAGEL DNA TESTING WAS TO CALL PLAINTIFF A CHO-MO (CHILD MULESTER) RECLESSLY ENDANGERING HIS HEALTH AND SAFETY WHILE IN ADMINISTRATION SEGREGATION. (DIT-CHO)

43. WHEREAS, IN SUCH SUCH CASES NO LASTING PHYSICAL INJURY IS NEEDED TO "STATE A CAUSE OF ACTION" UNDER SCHWENK V. MITCHELL, 204 F.3D 1187 (9th CIR 2000) RATHER THE ONLY REQUIRMENT IS THE OFFICERS ACTION BE OFFENSIVE TO HUMAN DIGNITY FELIX V. McCARTY, 939 F.2D 699, 702 (9th CIR 1991) MEREDITH V. ARIZONA, 523 F2D 481 (9th CIR 1975)

PLAINTIFF ALLEGES AND RECALLS AND INCORPATES PARAGRAFHS 1 - 43 HEREIN:

COUNT (1) 1st
AMENDMENT
RIGHT TO BE FREE
FROM RETALIATION

44. PLAINTIFF ALLEGES AND STATES DEFENDANTS DAUGAARD, REISCH, WEBER, SLYKHUS, YOUNG,

SPURRELL, PONTO, DR. REGIER, J. SPURRELL, WOODWORD, DITTMONSON, FANTROY, ROSHIEM, MULLNER AN KAYLA S. HAD VIOLATED PLAINTIFFS 1st AMENDMENT RIGHT TO BE FREE FROM RETALAITION WHEN AFTER FILING OF CIV-08-04041 SEXAUL ASSUALT OF AN OFFENDER AT THE HANDS OF CORRECTIONAL PERSONNEL AND THE FILING OF GRIEVANCES AGINST LISTED NAMED DEFENDANTS CITING DELIBERATE INDIFFERNCE TO PLAINTIFFS HEALTH AND SAFETY CITING THIER LIABILITY FOR LISTED VIOLATIONS, HOLDING LIABEL AS WELL AS SGT. JOHNSON.

<u>COUNT (2) 5th</u>
AMENDMENT
DUE PROCESS

45. PLAINTIFF ALLEGES AND STATES LISTED DEFENDANTS HAVE VIOLATED PLAINTIFFS LIBERTY INTEREST RIGHT TO BE FREE FROM SUBSTAINAL RISK FROM SERIOUS HARM WHEN LISTED DEFENDANTS HAD ENDORSED THE TOSSING OF HIV FLIUDS ON PLAINTIFF HOLDING THEM LIABEL FOR VIOLATING PLAINTIFFS 5th AMENDMENT RIGHT.

THAT DEFENDANTS DAUGAARD, WEBER, REISCH, SLYKHUS, YOUNG, SPURRELL, PONTO, LINNIWEBER FANTROY AN KAYLA S. ALONG WITH DEFENDANT ROSHIEM HAD VIOLATED PLAINTIFFS LIBERTY INTEREST RIGHT TO BE FREE FROM SUBSTANIAL RISK OF HARM WHEN THE NAMED DEFENDANTS HAD FALSELY CONGRIZED PLAINTIFFS CRIMINAL CONVICTION AS SEXUAL OFFENDER WHEN INCARCERATED FOR 1st DEGREE MANSLAUGHT] AND AGGRAVATED ASSAULT, SHOWING DELIBERATE INDIFFERNCE TO PLAINTIFFS HEALTH AN SAFETY. HOLDING LISTED DEFENDANTS LIABEL FOR CITED VIOLATIONS.

<u>COUNT (3) 8th</u>
AMENDMENT
RIGHT TO BE FREE
FROM CRUEL AN UNUSAL
PUNISHMENT

46. PLAINTIFF ALLEGES AND STATES DEFENDANTS DAUGAARD, REISCH, WEBER, SLYKHUS, YOUNG, SPURREL] PONTO, LINNIWEBER, LARSON, ROSHIEM, WOODWORD, FANTROY, DITTMONSON, DR. RIGIER, J. SPURRELL, SGT. JOHNSON, HAD VIOLATED PLAINTIFFS RIGHT TO BE FREE FROM CRUEL AN UNUSAL PUNISHMENT WHEN SHOWING DELIBERATE INDIFFERNCE TO PLAINTIFFS HEALTH AN SAFETY WHEN LABELING PLAINTIFF AL CHO=MO ENDANGERING PLAINTIFFS LIFE WHEN INCARCERATED FOR MANSAULHTER CAUSING THE TOSSING HUMAN FLIUDS CONTAINING HIV ONTO PLAINTIFFS FLESH AND INTO HIS EYES AND OTHER AREAS OF HIS FACE. ACTIONS OF LISTED DEFENDANTS HAD VIOLATED PLAINTIFFS 8th MANENDMENT RIGHT TO BE FREE FROM CRUEL AN UNUSAL PUNISHMENT HOLDING LISTED DEFENDNATS LIABEL.

THE MER LABELING PLAINTIFF AS A CHO-MO AS SEEN WITHIN DEFENDANT DITTMONSON ACTION HAD VIOLATED PLAINTIFFS RIGHT TO BE FREE FROM CRUEL AN UNUSAL PUNISHMENT WHEN PLACING PLAINTIFFS

LIFE IN DANGER SHOWING DELIBERATE INDIFFERNCE TO HIS SAFETY WHEN ENDORSING CORRECTIONAL PERSONNEL TO ENLIST INMATES TO TOSS THIER HIV PISS ON HIM HOLDING HIM LIABEL.

### COUNT (4) 14th
### AMENDMENT
### DUE PROCESS AN EQUAL
### PROTECTION OF THE LAW

47. PLAINTIFF ALLEGES AND STATES LISTED DAUGAARD, WEBER, REISCH, SLYKHUS, YOUNG, PONTO, SPURRELL, LINNIWEBER, LARSON, ROSHIEM, WOODWORD, FANTROY, DITTMONSON, AN KAYLA .S, HAD SHOWN DELIBERATE INDIFFERNCE TO PLAINTIFFS HEALTH AN SAFETY WHEN VIOATING DEPARTMENTAL POLICY AN OR CREATING POLICYS WHICH ENDANGER PLAINTIFFS HEALTH AN SAFETY, AND FAILING TO REMEDY THEM. WHEN KNOWING OF SUBSTAINAL RISK OF HARM VIOLATING PLAINTIFFS 14th AMENDMENT RIGHT HOLDING THEM LIABEL FOR CITED VIOLATIONS.

FINDLY LIABILITY SHOULD BE SEEN WITHIN DEFENDANT DAUGAARD'S OFFICE, GOVENOR OF SOUTH DAKOTA WHEN BEING THE FINDLY POLICY MAKER FOR SOUTH DAKOTA STATE PENITENTIARY, AND HOLDING HIS OFFICE LIABEL FOR THE CONDUCT OF HIS EMPLOYEES. MUNICIPALITY LIABILITY UNDER 1983" FOR UNCONSTITUTIONAL ACTS BY ITS OFFICIALS OR EMPLOYEES.

<u>THE PLAINTIFF HAS NO PLAIN, ADEQUATE OR COMPLETE REMEDY AT LAW TO REDRESS THE WRONGS DESCRIBED HEREIN, PLAINTIFF HAS BEEN AND WILL CONTINUE TO BE IRREPARABLY INJURED BY THE CONDUCT OF THE DEFENDANTS UNLESS THIS COURT GRANTS THE DECLARATORY AND INJUNCTIVE RELIEF WHICH THE PLAINTIFFS SEEKS.</u>

### PRAYER FOR RELIEF

48. WHEREFORE, PLAINTIFF RESPECTFULLY PRAYS THAT THE COURT ENTER JUDGMENT GRANTING PLAINTIFFS.

49. A DECLARATION THAT THE ACTS AND OMMISSIONS DESCRIBED HEREIN VIOLATED PLAINTIFFS RIGHTS UNDER THE CONSTITUTION AND THE LAWS OF THE UNITED STATES.

50. A PRELIMINARY AND PERMANENT INJUNCTIVE ORDERING DEFENDNTS DAUGAARD, REISCH, WEBER, SLYKHUS, YOUNG AN PONTO TO ENACT POLICY KEEPING INMATES WITH HIV FROM ENTERACTING WITH MAIN POPULATION.

ENPLACE SAFEGARDS TO ENSURE INMATES CLASSIFCATION RECORDS MEET THE SENTENCING AN OR CONVICTIONS. INMATE WAS SENTENCED TO SOUTH DAKOTA STATE PENITENTIARY PRISON SYSTEMS.

51. COMPENSSATORY DAMAGES IN THE AMOUNT OF $500,000.00 AGINST EACH DEFENDANT JOINTLY AND SEVERALLY FOR Psychological and physical harm

52. PUNTIVE DAMAGES IN THE AOUNT OF $500,000.00 AGAINST EACH DEFENDANT.

53. NOMINAL DAMAGES IN THE AMOUNT OF $500,000.00 AGAINST EACH DEFENDANT.

54. BENCH TRIAL ON ALL ISSUES TRIABLE BY THE JUDGE.

55. PLAINTIFFS COST IN CASE.

56. ANY ADDITIONAL RELIEF THIS COURT DEEMS JUST, PROPER, AND EQUITABLE.

RANDY RINDAHL DATED THIS 4th DAY OF FEB. 2011 respectfully submitted.
24928
1600 N. DRIVE
SIOUX FALLS, SD
57117-5911

## VERIFICATION

I HAVE READ THE FOREGOING COMPLAINT AND HEREBY VERIFY THAT THE MATTERS THEREIN TO BE TRUE, EXCEPT AS TO MATTERS ALLEGED ON INFORMATION AND BELIEF, AND, AS TO THOSE I BELIEVE THEM TO BE TRUE, I CERIFY UNDER PENALTY OF PERJURY THAT THE FOREGOING AND CORRECT.

EXCUTED AT SIOUX FALLS, SOUTH DAKOTA ON 2/04/11

RANDY RINDAHL - PLAINTIFF

(8)