IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RANDY RINDAHL,

                Plaintiff,                              ORDER

    v.

                                                          11-cv-121-slc

DAUGAARD, TIM RIESCH, D. WEBER, D. SLYKHUS,
O. SPURRELL, T. PONTO, DR. REGIER, FANTROY,
DITTMONSON, WOODWORD, LINNIWEBER,
VAN VORNE, J. MILLER, RODOSKY, ROSHIEM,
J. SPURRELL, JOHNSON, LARSON, S. KAYLA,
ED LIGHTENBERG, MULLIN, G. TAYLOR,
DURREN HOLLINGSWORTH and D. YOUNG,

                Defendants.

---

RANDY RINDAHL,

                Plaintiff,                              ORDER

    v.

                                                          11-cv-122-slc

DAUGAARD, TIM RIESCH, D. WEBER, D. SLYKHUS,
T. PONTO, VAN VORNE, LINNIWEBER, BAKER,
J. MILLER, DITTMONSON, M. WAAGMEERSTER,
J. OAKLEY, S. SPURRELL, TERMEER, WILLIAMS,
BEAVER, D. YOUNG, JOHNSON, ANDERSEN,
ANDREW E. COOPERMAN, KAYLA TINKER,
DR. RIGIER JEFF LUTHER and DUREEN HOLLINGSWORTH,

                Defendants.

---

In response to this court's May 9, 2011, order, plaintiff has submitted a copy of his six-month inmate banking system statement so that I can determine whether he qualifies for indigent status and, if he does, calculate an initial partial payment of the $350 fee for filing these cases. Plaintiff has asked for leave to proceed *in forma pauperis*. Because plaintiff is a prisoner, he is subject to the 1996 Prisoner Litigation Reform Act. This means that before this court may decide whether he can proceed *in forma pauperis*, he will have to make an initial partial payments of the filing fees for each action. From the most recent inmate banking system statement plaintiff has submitted, I calculate his initial partial payment in each case to be $7.50. If

plaintiff does not have the money to make the initial partial payments in his regular account, he will have to arrange with prison authorities to pay some or all of the assessment from his release account. This does not mean that plaintiff is free to ask prison authorities to pay *all* of his filing fees from his release account. The only amounts plaintiff must pay at this time are the $7.50 initial partial payments. Before prison officials take any portion of these amounts from plaintiff's release account, they may first take from plaintiff's regular account whatever amount up to the full amount plaintiff owes. Plaintiff should show a copy of this order to prison officials to insure that they are aware they should send plaintiff's initial partial payments to this court.

ORDER

IT IS ORDERED that

1. Plaintiff is assessed $7.50 as an initial partial payment of the $350 fee for filing case no. 11-cv-121-slc. He is to submit a check or money order made payable to the clerk of court in the amount of $7.50 on or before July 17, 2011.

2. Plaintiff is assessed $7.50 as an initial partial payment of the $350 fee for filing case no. 11-cv-122-slc. He is to submit a check or money order made payable to the clerk of court in the amount of $7.50 on or before July 17, 2011.

3. If, by July 17, 2011, plaintiff fails to make the initial partial payments or show cause for his failure to do so, he will be held to have withdrawn these actions voluntarily. In that event, the clerk of court is directed to close the files without prejudice to plaintiff's filing his cases at a later date.

Entered this 17th day of June, 2011.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge