UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | | |
|---|---|---|
| RANDY RINDAHL, | ) | Civ. 11-4130 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| DAUGAARD, Governor, State of South Dakota; | ) | |
| TIM REISCH, Sec. of Corrections, South Dakota State Penitentiary (SDSP); | ) | ORDER DENYING IN FORMA PAUPERIS STATUS AND DISMISSING CASE WITHOUT PREJUDICE |
| D.WEBER, Warden, (SDSP); | ) | |
| D. SLYKHUS, Deputy Warden; | ) | |
| D. YOUNG, Asst. Warden (Jameson Annex Prison); O. SPURRELL, Assc. Warden; | ) | |
| T. PONTO, Assc. Warden; | ) | |
| DR. REGIER, SDSP Health Service; | ) | |
| FANTROY, Section Manager; | ) | |
| DITTMONSON, Section Manager; | ) | |
| LINNIWEBER, Security Major; | ) | |
| VAN VORNE, Senior Major; | ) | |
| J. MILLER, Security Lt. | ) | |
| RODOSKY, Security Capt. | ) | |
| LARSON, Correctional Personnel; | ) | |
| ROSHIEM, Sgt.; KAYLA S, Coordinator; | ) | |
| ED LIGHTENBERG, Board of Pardons & Parole; | ) | |
| WOODWORD, Section Manager; | ) | |
| SGT. JOHNSON, female fired; | ) | |
| J. SPURRELL, Health Care Manager; | ) | |
| MULLIN, Corp. | ) | |
| G. TAYLOR, Section Manager; | ) | |
| DARREN HOLLINGSWORTH, Sec. Dept. Of Health;. | ) | |
| | ) | |
| Defendants. | ) | |

**BACKGROUND**

Plaintiff, Randy Rindahl, is a prisoner at the South Dakota State Penitentiary (SDSP) in Sioux Falls, South Dakota. Rindahl has filed this *pro se*

lawsuit pursuant to 42 U.S.C. § 1983, alleging various deprivations of his civil rights by the above-named defendants. Rindahl initially filed the instant lawsuit in the Western District of Wisconsin, but Judge Barbara Crabb transferred the case to this district because she determined the Eastern District of Wisconsin has no personal jurisdiction over defendants. *See* Doc. 36. Plaintiff wishes to proceed *in forma pauperis*. His complaint is "screened" pursuant to 28 U.S.C. § 1915(e) and 1915A.[1]

---

[1] 28 U.S.C. § 1915(e)(2)(B)(ii) provides:
(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
   (B) the action or appeal–
      (i) is frivolous or malicious;
      (ii) fails to state a claim on which relief may be granted; or
      (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915A provides in relevant part:

(a) Screening.–The Court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

(b) Grounds for dismissal.–On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
   (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
   (2) seeks monetary relief from a defendant who is immune from such relief.

**DISCUSSION**

1. **Rindahl's Litigation History and Whether He Has Sufficiently Alleged "Imminent Danger" for IFP Status**

The Prison Litigation Reform Act provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it was frivolous, malicious, or fails to state a claim upon which relief may be granted, *unless the prisoner is under imminent danger of serious physical injury.*

28 U.S.C. § 1915(g) (emphasis added).

Rindahl is a frequent litigant in the District of South Dakota. He has been designated as a "three-strike" litigant who is ineligible for *in forma pauperis* status in the absence of a sufficient claim of imminent danger of serious physical harm. Rindahl's previous claims of imminent danger have been deemed inadequate or exaggerated.[2] Rindahl's lawsuits that have been dismissed upon "screening" pursuant to 28 U.S.C. § 1915(d) or §1915(e)(2)(B)(ii)[3] are summarized below:

---

[2] *Rindahl v. Reisch*, Civ. 10-4004 (D.S.D.) (In forma pauperis status initially granted but later revoked based on Rindahl's misrepresentations to the court; case dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §1915(e)); *Rindahl v. Reisch*, 10-4156 (D.S.D.) (In forma pauperis status denied for failure to sufficiently allege imminent danger of serious physical harm).

[3] The former 28 U.S.C.§ 1915(d) became 28 U.S.C. § 1915(e) when the PLRA became effective in 1996. *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996).

1. *Rindahl v. Class*, Civ. 95-4207 (D.S.D.) Rindahl claimed the DOC failed to adequately enforce its own policies. Judge Jones dismissed the claim as frivolous pursuant to 28 U.S.C. § 1915(d). **Strike One**.

2. *Rindahl v. Class*, Civ. 96-4116 (D.S.D.) Rindahl claimed unacceptable conditions in the SHU (special housing unit). Judge Jones dismissed the claim for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(d). **Strike Two.**

3. *Rindahl v. Class,* Civ. 96-4117 (D.S.D.) Rindahl claimed false disciplinary reports were filed against him in retaliation for filing a religious rights lawsuit. Judge Jones dismissed the claim for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(d). **Strike Three.**

4. *Rindahl v. Webber*, Civ. 08-4041 (D.S.D.) Rindahl claimed he was raped by a prison guard in 2003 and that the incident was never properly investigated by prison personnel. Judge Battey initially denied IFP status because Rindahl failed to sufficiently allege imminent danger. Judge Battey eventually allowed Rindahl to proceed IFP, but nevertheless ultimately dismissed the case for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §1915(e)(2)(B)(ii). **Strike Four**. The Eighth Circuit summarily affirmed Judge Battey's decision.

5. *Rindahl v. Reisch*, Civ. 10-4004 (D.S.D.) Rindahl claimed deliberate indifference to a serious medical need (inattention to prison doctor's recommendation that surgery may be necessary on his cervical spine). Rindahl was initially granted IFP status based on his claims of imminent danger. His IFP status was revoked based upon Rindahl's misrepresentations to the court about the course of medical care given by prison medical personnel. Rindahl's case was dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). **Strike Five.** The Eighth Circuit denied IFP status on appeal.[4]

---

[4] Judge Crocker's Order dated May 9, 2011 (Doc. 19), which cites *Turley v. Gaetz*, 625 F.3d 1005 (7th Cir. 2010) and calculates Rindahl's strike count as two is noted. *Turley* is not binding precedent in the Eighth Circuit. Nevertheless, under *Turley* all of Rindahl's cases cited above as strikes remain strikes because the cases were dismissed in their entirety and none of the

4

In addition to the above cases that resulted in "strikes" for purposes of the PLRA, the following cases have been dismissed because Rindahl failed to prepay the filing fee or failed to adequately allege imminent danger of serious physical harm (which would have allowed him to proceed in the absence of prepayment, despite his "three-strike" status) pursuant to 28 U.S.C. § 1915(g):

6. *Rindahl v. Weber*, Civ. 09-4084 (D.S.D.) Rindahl claimed deliberate indifference to a serious medical need. He alleged inadequate recovery time related to a surgical procedure performed in 2007. Judge Piersol denied IFP status because Rindahl failed to sufficiently allege imminent danger of serious physical harm.

7. *Rindahl v. Reisch*, Civ. 09-4085 (D.S.D.) Rindahl claimed Warden Weber and others did not properly follow prison policy in investigating a sexual assault allegedly perpetrated upon Rindahl at some unspecified time in the past. Judge Piersol denied IFP status because Rindahl failed to sufficiently allege imminent danger of serious physical harm. Judge Piersol also noted the claims were duplicative of those which were then pending in Civ. 08-4041.

8. *Rindahl v. Reisch*, Civ. 10-4156 (D.S.D.) Rindahl alleged previous sexual assaults that were perpetrated upon him at the SDSP were not appropriately investigated by prison personnel. Judge Schreier noted the complaint was "nearly illegible" but nevertheless denied IFP status and dismissed the complaint because plaintiff failed to sufficiently allege imminent danger of serious physical harm. The Eighth Circuit denied Rindahl's application for IFP status on appeal and dismissed the case for failure to prosecute.

"The Prison Litigation Reform Act of 1996 enacted what is commonly referred to as the 'three strikes' provision, codified at 28 U.S.C. § 1915(g). This statute provides that an inmate who has had three prior actions or appeals

---

claims contained within them proceeded to adjudication on the merits.

dismissed as frivolous, malicious, or for failure to state a claim may not proceed in a civil action *in forma pauperis* 'unless the prisoner is under imminent danger of serious physical injury.' The statute's bar does not preclude the inmate from filing additional actions but does deny him the advantages of proceeding *in forma pauperis."* Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). Further, a complaint that makes "no allegation of ongoing danger, other than conclusory assertions that defendants [are] trying to kill [the plaintiff] by forcing him to work in extreme conditions despite his blood pressure condition" is insufficient to invoke the imminent danger exception. *Id.* Instead, specific allegations of ongoing serious physical injury or a pattern of misconduct evidencing the likelihood of imminent serious physical injury are necessary. *Id.*

An otherwise ineligible prisoner may proceed IFP only if he is in imminent danger *"at the time of filing." Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998) (emphasis in original). Furthermore, "verbal threats and name calling usually are not actionable under § 1983." *McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993). *See also Smith v. Copeland*, 892 F. Supp.1218, 1230 (E.D. Mo. 1995) (gestures and abusive language alone are not actionable under § 1983); *Ellis v. Meade*, 887 F. Supp. 324, 329 (D. Me. 1995) (threatening language by guards does not generally violate prisoners' constitutional rights). Because verbal threats and abusive language are not actionable under § 1983,

they likewise may not form the basis of an imminent danger exception to the "three strike" rule.

It is with these standards in mind that Rindahl's complaint in this case has been reviewed to determine whether he is eligible for *in forma pauperis* status under the imminent danger exception of the "three strike" rule. Because Rindahl is a three strike litigant and this complaint does not meet the imminent danger exception, his amended complaint[5] will be dismissed.

Rindahl's claims in this pending suit arise from his assertion that he has been wrongfully categorized as a sex offender, and was therefore required to submit a DNA sample to prison authorities. Rindahl theorizes that because he was wrongfully required to submit a DNA sample, he has mistakenly been labeled as a sex offender and therefore been subjected to verbal harassment from prison guards and put at risk of harm from his fellow inmates.

Rindahl alleges that in March 2010, Sgt. Rosheim approached him about submitting a DNA sample. Rindahl resisted submitting a DNA sample because he believed that under South Dakota law, only sex offenders are

---

[5] Rindahl filed his complaint on February 15, 2011. He filed an amended complaint on March 14, 2011. Rindahl filed further amendments on September 29, 2011. The amended complaint is considered for screening purposes.

7

required to give DNA samples.[6] Despite Rindahl's resistance, he was required to give the DNA sample.

Rindahl asserts that after the DNA testing, prison personnel made offensive remarks about him and labeled him a child molester. Rindahl further asserts other (HIV positive) inmates have retaliated against him by "sliming" him with their bodily fluids, all as a result of the insinuation that he is a sex offender. Rindahl insists the actions of the other inmates have been "enlisted" by prison personnel.

The requirements for DNA testing of persons convicted of felonies in South Dakota is found in South Dakota Code Chapter 23-5A. It provides in part:

> **23-5A-1. Definition of Terms**
> Terms used in this chapter mean:
> \*\*\*
> (8) "Qualifying offense," any felony offense under the laws of this state, a crime of violence as defined in § 22-1-2,[7] or a violation of chapter 22-22.[8]
>
> **23-5A-4. Persons required to provide DNA sample–Retroactivity of requirement**

---

[6] Rindahl explains that his 1989 convictions are not for sex offenses but are for manslaughter and aggravated assault. Amended complaint (Doc. 10) ¶ 31.

[7] Manslaughter and aggravated assault are both crimes of violence pursuant to SDCL 22-1-2(9).

[8] Chapter 22-22 is devoted to sex offenses.

> Any person convicted or adjudicated delinquent for a qualifying offense on or after July 1, 2003, shall provide a DNA sample upon intake or as determined by the supervising agency. A person who has been convicted or adjudicated delinquent for a qualifying offense before July 1, 2003, and who is still incarcerated or under supervision as of July 1, 2003, shall provide a DNA sample as determined by the supervising agency.

Because Rindahl was convicted of "qualifying offenses" for which he remained incarcerated as of July 1, 2003, he was required to submit a DNA sample. That he was required to submit a DNA sample, therefore, did not create the false impression that Rindahl was convicted of a sex offense.

Likewise, Rindahl alleges prison personnel have called him names such as "cho mo" (child molester) causing Rindahl to fear for his safety. "[V]erbal threats and name calling usually are not actionable under § 1983." *McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993). *See also Smith v. Copeland*, 892 F. Supp. 1218, 1230 (E.D. Mo. 1995) (gestures and abusive language alone are not actionable under § 1983); *Ellis v. Meade*, 887 F. Supp. 324, 329 (D. Me. 1995) (threatening language by guards does not generally violate prisoners' constitutional rights). Because verbal threats and abusive language are not actionable under § 1983, they likewise may not form the basis of an imminent danger exception to the "three strike" rule. Because Rindahl has failed to sufficiently allege imminent danger of serious physical harm, his motion to proceed *in forma pauperis* will be DENIED and his complaint will be dismissed without prejudice.

### 2. Rule 11 Sanctions.

Rindahl claims the allegation he is a sex offender has also resulted in one or more HIV positive inmates "sliming" him with their bodily fluids. Rindahl supports this assertion with his own affidavit (Doc. 2-1 at 3-4). Specifically, Rindahl asserts Corp. Mullner "ordered" inmates with HIV to toss their human fluids on Rindahl in retaliation for Rindahl's filing grievances against several correctional officers relating to his protest about being required to give a DNA sample. Rindahl also asserts the order for "sliming" was in retaliation for an earlier lawsuit (Civ. 08-4041) in which Rindahl claimed he was sexually assaulted at the hands of a correctional officer. To bolster his claim, Rindahl filed a document in the Western District of Wisconsin that purported to be a response from Warden Weber to Rindahl's "grievace" [sic]. The document is found at Doc. 2-1 at 13. It shares all of the characteristics of the documents which Magistrate Judge Simko found to be, by clear and convincing evidence, fraudulent in Civ. 11-4082.[9]

Two days after Magistrate Judge Simko held the hearing on August 9 to determine whether Rindahl had filed fraudulent documents in Civ. 11-4082 and 11-4086, Rindahl wrote to the Clerk of Courts for the Western District of

---

[9] Magistrate Judge Simko's findings regarding the fraudulent documents in Civ. 11-4082 were made after notice and a show cause hearing that was held on August 9, 2011. Judge Schreier adopted the Report and Recommendation after overruling Rindahl's objections on September 29, 2011.

Wisconsin requesting that Doc. 2-1, p. 13 be removed from the Wisconsin docket. *See* Doc. 30 in this case. The Clerk refused to remove the document (*See* Doc. 31). Rindahl wrote to the Clerk again, insisting this time that the document is "not relevant" and again requesting it be removed from the file. *See* Doc. 34.[10]

The document in question in this case purports to be a response from Warden Weber to Rindahl's grievance that claimed another inmate tossed HIV infected waste into Rindahl's cell at the direction of correctional officers. The response appears to be on DOC stationery and is purportedly signed by Warden Weber. The response, however, is not in the usual format of the Warden's administrative remedy response,[11] nor is the type font of the printer the same. In fact, the font used is the very same as the font of Rindahl's amended complaint. Rindahl represented to the court, as he did in the

---

[10] On August 29, 2011, Rindahl also requested a "change of venue" to the Western District of Wisconsin. *See* Doc. 35. He explained he had filed a misconduct complaint against Magistrate Judge Simko and Judge Piersol in connection with Civ. Nos. 11-4082 and 11-4085 in the District of South Dakota. Rindahl further explained he is unable to obtain a "conflict free hearing within the state of South Dakota." *Id.* at p.3.

[11] An example of Weber's normal administrative remedy response is found at Doc. 18-1 at 1. It contains a reference number, reference code, and id number underneath a box which contains the words **ADMINISTRATIVE REMEDY RESPONSE** in bold, small cap letters. Underneath the Warden's signature at the bottom left is a list of people who receive copies of the administrative remedy: administrative remedy file, unit file, investigator, and central records if disciplinary or classification. The document at issue here contains none of these usual traits.

previous cases, that he obtained the document from the "coordinator of West Hall from the institutional folder which is held within the case manager's office and central records." *See* Doc. 16. In the purported response, Warden Weber agreed with Rindahl's assessment that the "inmate in guestion [sic] has HIV." In describing the alleged misconduct of the prison personnel, Warden Weber used language containing grammatical errors and misspelled words .[12]

Fed. R. Civ. P. 11 provides in relevant part:

> **(b) Representations to the Court.** By presenting to the court a pleading, written motion, or other paper–whether by signing, filing, submitting, or later advocating it–an attorney or unrepresented party certifies that to the best of the person's knowledge, information and belief, formed after an inquiry reasonable under the circumstances:
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing the existing law or establishing new law;
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for investigation or discovery; and
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.
>
> **(c) Sanctions.**
> (1) In general. If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. Absent exceptional circumstances, a law firm must be held jointly

---

[12] For example: "grievace" "aginst" "guestion" "disciplainary."

>responsible for a violation committed by its partner, associate, or employee.

This fact-dependent legal standard mandated by Rule 11 is an issue for the court to decide. *Pope v. Fed. Express Corp.*, 974 F.2d 982, 984 (8th Cir. 1992). If the court finds a litigant has manufactured evidence and/or that perjured testimony has been introduced in an effort to enhance the case through fraudulent conduct, dismissal is an appropriate sanction. *Id.* "When a litigant's conduct abuses the judicial process, the Supreme Court has recognized dismissal of a lawsuit to be a remedy within the inherent power of the court." *Id. (citing Chambers v. NASCO, Inc.*, 501 U.S. 32, 45 (1991)). The court also possesses inherent authority to impose monetary sanctions if it finds a party has abused the judicial process. *Harlan v. Lewis*, 982 F.2d 1255, 1259 (8th Cir. 1993).

Considering the potential severe and punitive nature of Rule 11 sanctions, a clear and convincing burden of proof is appropriate. *In re Coordinated Pretrial Proceedings in Antibiotic Antitrust Actions*, 538 F.2d 180, 195 (8th Cir. 1976) (a finding of fraud on the court, including fabrication of evidence, "must be supported by clear, unequivocal and convincing evidence.").

The court finds by clear and convincing evidence that Doc 2-1, p. 13 is a fraudulent document. This finding is based upon the evidence that was received during the show cause hearing on August 9, 2011, in Civ. 11-4082,

the common characteristics Doc. 2-1 p. 13 shares with the fraudulent documents in that case, and Rindahl's conduct (specifically his failed attempt to remove the document from the Wisconsin court file) subsequent to Magistrate Judge Simko's determination that Rindahl falsified documents in the companion case.

Because the content of the document goes to the heart of Rindahl's claims, these representations were made in an effort to mislead the court and enhance Rindahl's case. Fraud upon the court is an abuse of the judicial process. Dismissal with prejudice is an appropriate Rule 11 sanction. *Pope*, 974 F.2d at 984. Because sanctions can only be imposed under Rule 11(c), however, after the court has given notice and reasonable opportunity to respond, the court will not impose sanctions here.

## CONCLUSION

Rindahl has failed to sufficiently allege imminent danger of serious physical harm. For the reasons explained above, the court finds by clear and convincing evidence that Rindahl has perpetrated a fraud upon the court by filing a forged document (Doc. 2-1 at 13), but the court will not impose Rule 11 sanctions. Therefore, it is

ORDERED Rindahl's motion for *in forma pauperis* status is DENIED;

IT IS FURTHER ORDERED that the amended complaint is DISMISSED without prejudice subject to Rindahl's prepayment of the $350 filing fee.

IT IS FURTHER ORDERED that all pending motions are DENIED as moot.

Dated September 30, 2011

        BY THE COURT:


        /s/ *Karen E. Schreier*
        KAREN E. SCHREIER
        CHIEF JUDGE